UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE VALOORAN, et al.,<br><br>Plaintiff(s),<br>v.<br><br>JOSEPH B. EDLOW, et al.,<br><br>Defendant(s). | CASE NO. C26-0799-KKE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiffs George Valooran and Merlin Treesa Rajan are a married couple living in King County, Washington. Dkt. No. 1 ¶¶ 1–2. They are citizens of India and have lived in the United States for longer than a decade. *Id.* ¶¶ 1–2, 29. On April 8, 2025, Mr. Valooran filed a Form I-526E Immigrant Petition by Regional Center Investor for himself, after investing $800,000 in a new commercial enterprise that will create at least 10 jobs for American workers. *Id.* ¶¶ 23–24. Plaintiffs concurrently filed Form I-485 Applications to Register Permanent Residence or Adjust Status. *Id.* ¶ 24. United States Citizenship and Immigration Services ("USCIS") approved Mr. Valooran's I-526E petition in August 2025, and Plaintiffs have received travel and work authorizations, but Plaintiffs' I-485 applications remain pending. *Id.* ¶¶ 22, 24, 31, 33.

Plaintiffs filed this lawsuit in March 2026 against USCIS and its director (collectively "the Government"), contending that the Government's failure to promptly adjudicate their I-485

applications violates the Administrative Procedure Act ("APA"). Dkt. No. 1 ¶¶ 53–57. Plaintiffs seek a writ of mandamus to end USCIS's unreasonable delay.[1] *Id.* ¶¶ 58–63. The Government moved to dismiss, arguing that the Court lacks jurisdiction to compel adjudication of Form I-485 applications and, in the alternative, that Plaintiffs cannot state a claim of unreasonable delay. Dkt. No. 7.[2]

Because the Government's jurisdictional arguments have been rejected by the majority of district courts in this Circuit, the Court will deny the Government's motion to dismiss based on lack of jurisdiction. The Court will, however, grant the motion to dismiss for failure to state a claim and dismiss the complaint without prejudice.

## II. BACKGROUND & ANALYSIS

Congress created the Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") program, as part of the Immigration and Nationality Act ("INA") of 1990. Dkt. No. 1 ¶ 14. This program provides immigrant visas for foreign investors who invest a requisite amount of money in a new commercial enterprise that creates at least 10 jobs for American workers. *Id.* Foreign investors may file an EB-5 petition (a Form I-526E petition) concurrently with a permanent residency application (a Form I-485 petition), if visa numbers are available. *Id.* ¶ 15. Congress has expressed an intent that EB-5 petitions should be decided within 180 days, and USCIS has proposed setting (but not yet adopted) a 120-day adjudication goal for those petitions. *Id.* ¶¶ 17–21.

In this case, Plaintiffs invested in a USCIS-approved project "in good faith reliance on [USCIS's] own representations about the speed of its adjudication process." Dkt. No. 1 ¶ 28. That

[1] The complaint also alleges a due process violation, but Plaintiffs withdrew this claim and request that it be dismissed without prejudice. Dkt. No. 13 at 3.

[2] This order refers to the parties' briefing by CM/ECF page numbers.

Plaintiffs' I-485 applications continue to go unadjudicated—nearly a year beyond when the EB-5 petition was approved–inflicts multiple professional and personal hardships on Plaintiffs that can be resolved only by approval of the applications. *Id.* ¶¶ 30–37. "Having diligently followed the procedures set forth by Defendant USCIS, Plaintiffs seek a court order compelling [the Government] to adjudicate their I-485 Applications to Register Permanent residency pursuant to [the APA]." *Id.* ¶ 57.

The Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) contends that the Court lacks jurisdiction to consider Plaintiffs' claims due to the limited waiver of sovereign immunity under the APA. Dkt. No. 7 at 5–6. "An attack on subject matter jurisdiction may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The Government's motion to dismiss presents a facial challenge, arguing that the INA strips jurisdiction over challenges to the timing of USCIS's adjudication of I-485 petitions. Dkt. No. 7 at 5–9. The Government reasons that because 8 U.S.C. § 1255(a) commits the process for adjudicating I-485 petitions to the discretion of the Government,[3] and 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court" has jurisdiction to review an action committed to the Government's discretion, then this Court lacks the jurisdiction to review Plaintiffs' challenge to the Government's failure to process their I-485 applications. *Id.*

The Court disagrees. Although district courts in the Ninth Circuit are divided as to whether Section 1252(a)(2)(B)(ii) bars timing-of-adjudication claims, and the "Ninth Circuit has yet to squarely address the issue" (Dkt. No. 7 at 8), many district courts in this circuit have found no

[3] The language of Section 1255(a) refers to the discretion of the Attorney General, but this function has been transferred to the Secretary of Homeland Security. Dkt. No. 14 at 3 n.1 (citing 6 U.S.C. § 557).

jurisdictional bar to claims challenging the pace of adjudication of applications. *See, e.g.*, *Dinh v. Edlow*, No. 26-cv-02697-TSH, 2026 WL 2001155, at *5–6 (N.D. Cal. July 10, 2026); *Vooda v. Edlow*, No. 2:25-cv-02668-JNW, 2026 WL 1846661, at *2–3 (W.D. Wash. June 26, 2026); *Gogate v. Edlow*, No. 8:25-cv-02558-DOC-KES, 2026 WL 1658512, at *3–4 (C.D. Cal. June 5, 2026); *Concepion v. Mullin*, No.: 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026); *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *2–4 (W.D. Wash. May 11, 2026). The Court adopts the reasoning of these courts that where, as here, USCIS has an obligation to adjudicate a pending application, Section 1252(a)(2)(B)(ii) does not bar judicial review of a claim alleging that USCIS has failed to act within a reasonable time. *See Patel v. Reno*, 134 F.3d 929, 932–33 (9th Cir. 1997) (finding jurisdiction to hear claim that the government had breached its duty to adjudicate visa applications by suspending applications for eight years).

The Government explicitly acknowledges the existence of its duty to adjudicate, but contends that 8 U.S.C. § 1255(a) affords it discretion over the pace of adjudication. Dkt. No. 14 at 4. But Section 1255(a) does not reference discretion over the pace of adjudication; it references the discretion to grant an application, and Plaintiffs do not seek judicial review of such a discretionary decision because none has been made. Because the Court concludes that the claims presented by Plaintiffs do not challenge a discretionary, non-reviewable agency decision, the Court rejects the Government's argument on jurisdiction. *See, e.g.*, *Motwani v. Edlow*, No. 4:25-cv-11035, 2026 WL 1788791, at *3 (N.D. Cal. June 22, 2026) ("[T]he Court finds no compelling reason to depart from this district's majority viewpoint. Indeed, the Court finds that there is a material difference between reviewing a final order for immigration benefits—which is discretionary and not reviewable—and reviewing whether the Government is performing its mandatory duty to act on an I-485 application, rather than delaying such action indefinitely.").

Having rejected the Government's motion to dismiss for lack of jurisdiction, the Court now turns to consider the Government's motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). The Government argues that Plaintiffs have not pleaded sufficient facts to state a plausible claim of unreasonable delay because their I-485 applications have been pending for only 16 months at this point. Dkt. No. 7 at 9.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply a six-factor test known as the "*TRAC* test" because it was first articulated in *Telecommunications Research and Action Center v. Federal Communications Commission* ("*TRAC*"). *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing 750 F.2d 70 (D.C. Cir. 1984)). In the visa context, the six *TRAC* factors are "grouped into four basic inquiries":

> First, is there any rhyme or reason—congressionally prescribed or otherwise—for [an agency]'s delay (factors one and two)? Second, what are the consequences of delay if the Court does not compel the [agency] to act (factors three and five)? [Third], how might forcing the agency to act thwart its ability to address other priorities (factor four)? Finally, is the delay intentional or due to any impropriety on the part of the agency (factor six)?

*Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1254 (quoting *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 161 (D.D.C. 2022)).[4]

As to the first inquiry, the Court considers the length of delay in light of any established time limits and the reason for any delay. At this point, the length of delay is approximately 16 months, and this length of time is generally not found to be unreasonable. *See Infracost*, 732 F. Supp. 3d at 1254–55 (collecting cases that support finding a 14-month delay not unreasonable), *Khosravi v. Rubio*, No. 2:24-cv-1227, 2025 WL 821885, at *6 (W.D. Wash. Mar. 14, 2025) (collecting cases that support finding a 16-month delay is not unreasonable). As to the reason for delay, Plaintiffs note that the Government approved Mr. Valooran's I-526E petition about four months after it was filed, and also authorized Plaintiffs to work and travel. *See* Dkt. No. 1-2, Dkt. No. 7 at 2. Plaintiffs cite no authority suggesting that these facts indicate that the Government is not complying with a first-in, first-out rule of reason for Plaintiffs' I-485 applications. Their brief cites *Mugomoke v. Curda*, which is factually dissimilar. *See* No. 2:10-CV-02166-KJM DAD, 2012 WL 113800 (E.D. Cal. Jan. 13, 2012). And although the complaint alleges that Congress has found that I-526E petitions should receive expedited priority (Dkt. No. 1 ¶¶ 18–19), Mr. Valooran's I-526E petition has indeed been approved and the complaint does not allege that this priority carries over to I-485 petitions. Together, the first set of factors weighs in the Government's favor and does not demonstrate an unreasonable delay.

The second inquiry, the impact of the delay on Plaintiffs, also does not support a finding of unreasonable delay because their alleged hardships relate to financial, professional, and anxiety-related harm. Dkt. No. 1 ¶¶ 27–38. While the Court has no reason to doubt the toll this delay has

[4] Although some courts reserve consideration of unreasonable delay until after the pleadings stage (*see* Dkt. No. 13 at 16 (citing cases)), many do not (*see* Dkt. No. 14 at 11). On a motion to dismiss, a court must nonetheless determine whether the facts alleged in the complaint, taken as true, could plausibly support an unreasonable delay claim under the APA. *See Infracost*, 732 F. Supp. 3d at 1253–54. Accordingly, the Court will evaluate the *TRAC* factors as they apply in the visa context.

taken on Plaintiffs, these impacts are felt by many EB-5 investors and do not warrant a finding of unreasonable delay based on "human health and welfare." *Chang v. U.S. Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024) (finding no unreasonable delay on a motion to dismiss for an Amazon employee awaiting an L-1B visa). This inquiry thus favors the Government.

The Court has limited information relevant to the third inquiry: impact on agency priorities. Plaintiffs' complaint alleges that "similarly situated applicants continue to receive action while Plaintiffs' applications remain untouched" (Dkt. No. 1 ¶ 47), but the Government argues that allowing Plaintiffs "to skip to the front of the adjudication line would force USCIS to reorder its priorities and would delay adjudication of other similarly situated I-485 applicants." Dkt. No. 14 at 14. Although Plaintiffs suggest in their opposition that there is no such "adjudication line" for them because they fall in a different priority category than the general I-485 pool (Dkt. No. 13 at 24 (citing Dkt. No. 1 ¶ 25)), their complaint alleges that a priority category exists for I-526E petitions (and Mr. Valooran's has already been granted), not I-485 petitions. *See* Dkt. No. 1 ¶¶ 19–21, 25. The Court agrees with the Government that Plaintiffs have not plausibly alleged that USCIS "is not following its rule of reason when processing their I-485 applications." Dkt. No. 14 at 14. Even assuming it is true that other applications have been resolved while Plaintiffs' have not, Plaintiffs' complaint does not allege that others have been adjudicated in less time than theirs. In any event, "where an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer*, No. CV 21-6653 DMG (MRWx), 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022). Thus, this inquiry weighs in the Government's favor.

Finally, for the fourth inquiry, Plaintiffs do not allege any impropriety by the Government specific to them. Accordingly, this inquiry is neutral. *See TRAC*, 750 F.2d at 80.

In sum, because the *TRAC* factors either favor the Government or are neutral, the Court finds that the circumstances here do not indicate unreasonable delay such that judicial intervention is required. *See, e.g.*, *Padala v. Selby*, No. 8:26-CV-00129-DFM, 2026 WL 1506356, at *4–6 (C.D. Cal. May 12, 2026).

Accordingly, although the Court does not take lightly the impact of this delay on Plaintiffs, for the reasons stated above, the Court nonetheless dismisses the case. The Court will not grant leave to amend, as there is no indication that additional facts would change the outcome. But the Court dismisses the case without prejudice "because additional delay could at some point ripen into an unreasonable delay[.]" *Aghchay v. U.S. Dep't of State*, No. CV 22-5708 PA (PVCX), 2022 WL 19569516, at *3 (C.D. Cal. Dec. 20, 2022). As recognized by other district courts in similar circumstances, "[t]hough judicial intervention is not warranted at this juncture, the Court's calculus could change if the delay continues for a more extended period." *Infracost*, 732 F. Supp. 3d at 1258.

## III. CONCLUSION

For these reasons, the Court GRANTS the Government's motion to dismiss for failure to state a claim. Dkt. No. 7.

Dated this 3rd day of August, 2026.

Kymberly K. Evanson
United States District Judge